ELIJAH TOWN *versus* BENJAMIN TROW.

If after a tender and refusal the debtor, with notice to the creditor, deposits the money with a third person, to be paid to the creditor whenever he shall call for it. the creditor is under no obligation to apply to the depositary, and if the debtor, upon a subsequent demand, does not pay or tender the sum due, he loses the benefit of the previous tender.

ASSUMPSIT. The defendant pleaded a tender. The plain- tiff replied a subsequent demand and. refusal. The defendant rejoined, denying a refusal ; upon which issue was joined.

In the Common Pleas it was agreed, that on the 10th of April, 1832, the defendant was indebted to the plaintiff in the sum of two dollars. Afterwards, and before the commence- ment of this suit, the defendant made a legal tender of the debt to the plaintiff, which he refused to accept ; whereupon the

defendant, in the presence of the plaintiff and with his full knowledge of the fact, deposited the amount of the debt, in American coin, in the hands of a third person, who kept a public house within a few rods of the defendant's dwelling, directing him, in the plaintiff's presence, to pay it to the plaintiff whenever he should call for it. Such third person received the deposit for that purpose, and had kept it ever since, and had ever been ready to pay it to the plaintiff upon request. After the time of the tender and before the commencement of this action, the plaintiff met the defendant at a place different from that of the deposit, and a quarter of a mile therefrom, and demanded the sum tendered ; which the defendant did not then and there pay or tender to the plaintiff.

The Court of Common Pleas, *Williams* J. presiding, ordered judgment to be entered for the plaintiff for the sum tendered, for damages, and that the defendant recover costs against the plaintiff.

To this order the plaintiff filed exceptions.

*C. Allen* and *Knox*, for the plaintiff, submitted the case without argument.

*Kinnicutt*, for the defendant, furnished an argument in writing.

Morton J. delivered the opinion of the Court. In some cases, a tender of the payment of a debt or of the performance of a duty, and a refusal to accept, are deemed in law a payment of the debt or a performance of the duty ; yet, ordinarily, they do not discharge the debt or duty, but only the damages which would have accrued by reason of the non-payment of the one or the non-performance of the other. Bac. Abr. *Tender,* *F ;* Co. Lit. 207. In cases of the latter description, of which this is one, it is necessary to allege in the plea, not only that the money was tendered, but that the defendant ever, has been and still is ready to pay the same. Com. Dig. *Pleader,* 2 *W* 28 ; *Cotton* v. *Cliston,* Cro. Eliz. 755 ; *Trevett* v. *Aggas,* Willes, 107. And this is a material averment, to which the plaintiff may reply a subsequent demand and refusal ; and this, if established by proof, will avoid the tender. It is therefore necessary that the person making the tender, should always hold himself in readiness to meet a demand for the money or

*Town*
*v*
*Trow.*

*April 22d*
*1833.*

Town
v.
Trow.

thing tendered ; because the party to whom it is due, has a right to call for it, at any time ; and if he fails to pay or deliver it on request, he loses the benefit of the tender. But this principle is to be received with reasonable limitations and qualifications. It does not impose upon the person making the tender the duty of having the money about his person or in his actual possession at all times and in all places. It would be sufficient to have it in readiness to be delivered at his residence or place of business, or if a large sum, in some safe and convenient place of deposit. If a demand was made at a distance from the place where it was kept, he would have a right either to deliver it there, or to take a reasonable time to produce and deliver it where the demand was made. Had the defendant, when called upon for the money, offered to accompany the plaintiff to his home or place of business and there pay the money, or to pay it where they were, as soon as he could bring it, and actually used reasonable diligence for the purpose, it would have been a legal compliance with this demand. But the defendant did not adopt this course. He supposed that he had before, by the tender and by depositing the money in the hands of a stakeholder, who had agreed to perform the service, relieved himself of all responsibility on account of this debt. But we think he could not do this. If the depositary had failed, the loss would have fallen on the debtor. He had no power to transfer his liability to a third person, without the consent of the creditor. The debt is not extinguished by the tender. It remains the debt of the original debtor, and he cannot be discharged from it without the consent of his creditor ; much less can the latter be compelled to accept another person as his debtor. The arrangement in this case doubtless was as convenient to the plaintiff as to have had the money kept in the defendant's hands. But it depended on his own volition whether he would accede to it or not.

In relation to such a demand, the rules are very strict. Thus a demand of a larger sum than was tendered, or upon any person other than the one by whom the tender was made, would not be a good demand to avoid the tender. *Spybey* v. *Hyde*, 1 Campb. 181. When the time and place of performance are agreed upon in a contract, the tender must be at the

place on the last convenient hour of the day fixed ; and it will be good whether the payee be present to receive it or not. If the place of payment is fixed but no time named, notice may be given to the party to whom payment is to be made, that the money will be paid on a certain day, and then a tender at the latest convenient hour of that day will be good whether any person be present to receive it or not. Bac. Abr. *Tender*, *D* ; Co. Lit. 211 *a*. And the reason is, that if this could not be done, it would be impossible for the debtor to make a tender, as the creditor might always avoid the place of payment, and thus render his debt perpetual. But if the time of payment be fixed, but not the place, the debtor may make a tender whenever he may meet his creditor, but must seek and find him for the purpose. If neither time nor place be fixed, the tender may be made anywhere and at any time when the parties are together ; and if the debtor desires to make a tender, he must find his creditor for the purpose. Bac. Abr. *Tender*, *C* ; *Fraunces's case*, 8 Coke, 92.

From analogy to this doctrine we deduce the principles, that the person making the tender must himself be responsible for the money tendered, and that he is the only person upon whom the demand can be made. He cannot restrict the other party to a particular time or place for making the demand, any more than he can for making the tender. Nor can he require him to call upon a third person for the money, any more than the creditor can compel him to make a tender to a person whom he should appoint, instead of himself.

The only instance, which can be found, where the debtor can compel the creditor to attend at any particular time or place, is when the place is fixed so that the tender can be made nowhere else and the time is left uncertain. And this arises from the necessity of the case, as there could be no other way in which a tender could be made. But this is entirely unlike the present case. Here was no place of payment fixed, nor any necessity to justify a departure from the ordinary principles of the law of tender.

The demand, we think, may be made upon the debtor and not upon any one else. It must however be made at a reasonable time and place. The debtor is bound at all times to be

Town
v.
Trow.

prepared to meet it. But for this purpose, he is to have a convenient time and opportunity. And if he uses ordinary diligence and promptness in complying with it, he is not guilty of any neglect of his legal duty. But in the case at bar a demand was made, which is not objected to on account of the time or the place. The defendant did not offer to comply, nor make any excuse for not doing so, nor ask for delay till he could produce the money ; but relied upon his exemption from such demand and the duty of the plaintiff to call upon the depositary of the money. We think he erred in this and was guilty of a refusal which entitles the plaintiff to a judgment for his debt and cost.